<u>**IN THE UNITED STATES DISTRICT COURT FOR THE**</u>
<u>**EASTERN DISTRICT OF TENNESSEE**</u>
<u>**KNOXVILLE DIVISION**</u>

| | | |
|---|---|---|
| **MODERN MACHINERY OF BEAVERTON, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. ____________** |
| | ) | |
| **FORMALL, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**COMPLAINT**

---

Comes Modern Machinery of Beaverton, Inc. ("Plaintiff" or "Modern"), by and through counsel, to sue Formall, Inc. ("Defendant" or "Formall") for the following causes of action:

**Parties, Venue, and Jurisdiction**

1. Modern is a corporation formed under the laws of the State of Michigan, and with its principal place of business at 301 Guernsey Road, Beaverton, Michigan 48612. Modern can be served with pleadings through its counsel of record pursuant to the Federal Rules of Procedure.

2. Formall is a corporation formed under the laws of the State of Tennessee, and with its principal place of business at 1709 Lake City Hwy, Clinton, Tennessee 37716. Formall can be served with a summons and copy of this complaint through its registered agent, Northwest Registered Agent, Inc., 116 Agnes Road, Suite 200, Knoxville, Tennessee 37919.

3. This Court has diversity jurisdiction over the causes of action asserted herein pursuant to 28 U.S.C. § 1332. Complete diversity exists in that no plaintiff shares citizenship with the same state of citizenship of any defendant, and the amount in controversy exceeds $75,000.00.

4. Venue is proper in the Eastern District of Tennessee because the causes of action relate to equipment delivered and accepted by Formall in Clinton, Tennessee, because the sole defendant resides in Clinton, Tennessee, and because Formall has retained the benefit of the use of the equipment in Clinton, Tennessee, all of which are within the Eastern District of Tennessee.

**Background and Allegations of Fact**

5. Modern manufactures thermoforming machinery, equipment and controls.

6. Formall is a plastics fabrications company that regularly utilizes thermoforming machinery, equipment and controls in the course of such fabrication process.

7. Formall has from time-to-time purchased thermoforming machinery, equipment and controls from Modern and, as such, Modern and Formall had a pre-existing business relationship prior to the purchases by Formall from Modern which are the subject of this litigation.

8. In early spring of 2022, representatives of Formall approached Modern with interest in purchasing several new thermoforming machines to be manufactured by Modern and refurbishment of one existing thermoforming machine that was already in Formall's possession.

9. At the request of Formall, Modern prepared and issued to Formall certain proposals.

10. Among the proposals issued by Modern to Formall was Proposal No. 222171-3 Rev, a true and correct copy of which is attached as **Exhibit One** to this Complaint.

11. Among the proposals issued by Modern to Formall was Proposal No. 222172-5 Rev, a true and correct copy of which is attached as **Exhibit Two** to this Complaint.

12. Among the proposals issued by Modern to Formall was Proposal No. 222174-3 Rev, a true and correct copy of which is attached as **Exhibit Three** to this Complaint.

13. Among the proposals issued by Modern to Formall was Proposal No. 222204-1, a true and correct copy of which is attached as **Exhibit Four** to this Complaint.

14. Based upon these proposals Formall elected to purchase from Modern seven newly manufactured thermoforming machines along with associated controls and equipment, and to have one existing thermoforming machine refurbished by Modern, issuing Purchase Order No. 31688 on or about May 27, 2022, with a total purchase price of $8,641,500.00 after purchase discounts.

15. A true and correct copy of Purchase Order No. 31688 is attached as **Exhibit Five** to this Complaint.

16. On or about August 17, 2022, an additional proposal was provided by Modern to Formall, Proposal No. 222238-1, which outlined additional features that could be added to certain of the thermoforming equipment and associated prices for each added feature selected.

17. A true and correct copy of Proposal No. 222238-1 is attached as **Exhibit Six** to this Complaint.

18. On or about August 26, 2022, an additional proposal was provided by Modern to Formall, Proposal No. 222239-1, which outlined additional features that could be added to certain of the thermoforming equipment and associated prices for each feature selected.

19. A true and correct copy of Proposal No. 222239-1 is attached as **Exhibit Seven** to this Complaint.

20. On or about December 22, 2022, an additional proposal was provided by Modern to Formall, Proposal No. 222298-2 Rev, which outlined additional features that could be added to certain of the thermoforming equipment and associated prices for each feature selected.

21. A true and correct copy of Proposal No. 222298-2 Rev is attached as **Exhibit Eight** to this Complaint.

22. On or about January 5, 2023, an additional proposal was provided by Modern to Formall, Proposal No. 222174-4 Rev, which outlined additional features that could be added to certain of the thermoforming equipment and associated prices for each feature selected.

23. A true and correct copy of Proposal No. 222174-4 Rev is attached as **Exhibit Nine** to this Complaint.

24. On or about May 10, 2023, an additional proposal was provided by Modern to Formall, Proposal No. 223171-1, which outlined additional features that could be added to certain of the thermoforming equipment and associated prices for each feature selected.

25. A true and correct copy of Proposal No. 223171-1 is attached as **Exhibit Ten** to this Complaint.

26. During the manufacturing process, Formall elected for Modern to install and incorporate into the machines certain additional features from the aforementioned proposals.

27. Formall thereafter issued a second purchase order, Purchase Order No. 34683, on or about April 5, 2024, which added certain scopes of work for Modern at a price of $40,000.00.

28. A true and correct copy of Purchase Order No. 34683 is attached as **Exhibit Eleven** to this Complaint.

29. Following issuance of the purchase orders Modern diligently acquired necessary materials and manufactured the seven new thermoforming machines, delivering the machines and associated equipment and controls to Formall in Tennessee as the manufacturing process of each was completed.

30. Following delivery of the thermoforming machine that was to be refurbished to Modern by Formall, Modern diligently undertook to refurbish that machine and upon completion of that process returned and installed the refurbished machine to Formall's facility in Tennessee.

31. For each of the machines delivered to Formall by Modern, Formall accepted the machine, integrated the machine into its normal business operations, and consistently utilized the machines to thermoform products that were subsequently sold as product by Formall.

32. Formall today continues to use each of the machines delivered by Modern to thermoform products being sold as product by Formall and Formall continues to generate income from the sale of products that are thermoformed using these machines delivered by Modern.

33. Formall accepted the machines delivered to Formall by Modern.

34. Formall never rejected any of the machines delivered to Formall by Modern.

35. Formall never revoked acceptance of the machines delivered to Formall by Modern.

36. The machines delivered to Formall by Modern conformed to the requirements of the parties' contract, including the proposals and the purchase orders.

37. The machines delivered to Formall by Modern were merchantable.

38. The machines delivered to Formall by Modern were fit for their intended use.

39. Modern has made a number of trips to Tennessee since delivering the machines at Formall's request to redress punch list items from Formall and each of those has been addressed and resolved by Modern in a manner consistent with Modern's normal customer service practices.

40. Over the course of performing under the parties' contract, Modern issued numerous invoices to Formall and those invoices were issued at times and in amounts consistent with the payment schedules specified in the proposals and memorialized in the purchase orders: 30% down at the time of the purchase order; 30% per machine 8 weeks ahead of individual machine being shipped, 30% per machine prior to shipment of each machine, and 10% per machine due 60 days after the installation of the machine was completed at the Formall facility in Tennessee.

41. Formall failed to make timely or complete payment for amounts invoiced.

42. Formall failed to make timely and complete payment in accordance with the terms of the parties' contract, including the payment terms set forth in the proposals and purchase orders.

43. To date, payment in the amount of $309,730.00 (prior to addition of late fees or interest) remains due and owing to Modern from Formall under the parties' contract.

44. Despite demand, Formall has failed to make the final payment due to Modern.

**Count I: Breach of Contract**

45. Plaintiff repeats and incorporates the allegations contained in Paragraphs 1-44.

46. There exists an enforceable contractual agreements between the parties, consisting of the terms as established within the proposals and the purchase orders (the "Contract").

47. The Contract has not been amended nor novated by the parties.

48. At all times prior to the material breach by Formall, Modern fully performed its obligations under the Contract.

49. Formall failed to perform its obligations under the Contract, including a material breach of the Contract by failing to make payment to Modern for machines, equipment, and controls that Formall has accepted and never revoked, and which Formall continues to use today.

50. Alternatively, Formall anticipatorily breached the Contract by indicating to Modern on several occasions that Formall would not make payment to Modern and attempting to leverage that non-payment to extort from Modern additional warranty or more favorable terms than what the parties had agreed to within the Contract.

51. As a direct and proximate result of Formall's failure to perform and breach of the Contract, Modern has suffered or faces the prospect of suffering substantial harm, loss, or damage.

**WHEREFORE** Plaintiff prays as follows:

a. That proper process issue and be served upon Defendant and that Defendant be required to answer this Complaint in the time required by law;

b. That Plaintiff be awarded a judgment against Defendant in the amount of all damages incurred by Plaintiff flowing from the breaches of the Contract by Defendant, in the amount of $309,730.00 plus late fees and interest or such greater amount shown at trial;

c. That Plaintiff be awarded pre-judgment interest at the maximum rate permitted by Tennessee Code Annotated § 47-14-123 against Defendant.

d. That the costs be taxed against Defendant; and

e. For such further and general relief to which Plaintiff shows itself to be entitled.

Respectfully submitted this 9th day of January, 2026.

HODGES, DOUGHTY & CARSON, PLLC

____/s/James F. Parker ___________

James F. Parker, Esq. (BPR# 034382)
Mabern E. Wall, Esq. (BPR # 031328)
445 S. Gay St., Ste. 401
Knoxville, TN 37901
Tel: (865)-292-2307
Fax: (865) 292-2321
jparker@hdclaw.com
mwall@hdclaw.com

*Attorneys for Plaintiff*